## Long's Estate.

*Wills—Issue devisavit vel non—Testamentary capacity—Evidence—Refusal of issue.*

An issue devisavit vel non on the ground of testamentary incapacity is properly refused where it appears that the will was executed nearly eight months before the death of the testator, and differed but slightly from three prior wills made by him at times when there could be no question as to his testamentary capacity; and that it expressed the testator's deliberately formed, long continued and oft expressed purpose in disposing his estate; and where witnesses who were in close relation with him testified that at the date of the execution of the will he was in full possession of his faculties and attended to his business affairs. This is true although it further appears that during the last three or four months of the testator's life his mind was impaired by a progressive disease and there is testimony to the effect that the testator's memory was impaired, that he was irritable and petulant and that he was under a delusion in relation to the conduct of his wife towards him, which delusion however had no effect upon the making of his will.

Argued May 6, 1912.   Appeal, No. 126, Jan. T., 1911, by Geo. R. Long, et al., from decree of O. C. Fayette Co., March T., 1910, No. 59, refusing issue devisavit vel non in the Estate of Samuel M. Long, deceased.   Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZIS-KER, JJ.   Affirmed.

Petition for an issue devisavit vel non.   Before WORK, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in refusing an issue.

*D. W. MacDonald*, with him *John M. Core* and *James R. Gray*, for appellants.

*E. C. Higbee*, of *Sterling, Higbee & Matthews*, with him, *P. S. Newmyer* and *D. M. Hertzog*, for appellees.

PER CURIAM, July 2, 1912:

This appeal is from the refusal of an issue devisavit vel non asked for on the ground of want of testamentary capacity.   The testator died at the age of eighty-six years, leaving to survive him a widow, five children and seventeen grandchildren.   By his will he gave his wife one-third of his estate in money, to each of his children small bequests varying in amount and gave the remainder of his estate in equal parts to fourteen of his grandchildren.   There was a dispute as to the date of the execution of the will, but the court found on sufficient evidence, that it was executed on the day of its date, nearly eight months before the death of the testator.   This will differed but slightly from three prior wills made by the testator at times when there could be no question as to his testamentary capacity, and it expressed the testator's deliberately formed, long continued and oft expressed purpose in disposing of his estate.   The last will made no change in the amount

of bequests to the contestants, the only change made was to enlarge the gift to his widow and to appoint one instead of two executors.

During the last three or four months of the testator's life, his mind was impaired by a progressive disease but it was shown by witnesses who were in close relation to him and had the fullest opportunity to observe him, that at the date of the execution of the will, he was in full possession of his faculties, and attended to his business affairs. Among these witnesses were his dentist, his pastor, his physicians, the collector to whom he paid his taxes, business men with whom he had dealings, the cashier of the bank where he kept his account and with whom he consulted in relation to his investments and the counsel who drew and witnessed his will. The testimony in support of the petition for an issue was to the effect that the testator's memory was impaired, that he was irritable and petulant, and that he was under a delusion in relation to the conduct of his wife towards him. This delusion certainly had no influence on the testator in making his will, since the gift to his wife was larger than the gifts made in prior wills and the other facts shown were trivial and unimportant in determining testamentary capacity.

Applying to all the testimony the authoritative test whether a verdict against the proponents of the will should be allowed to stand, we are of opinion that the order refusing an issue should be affirmed.

Order affirmed.